UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOHN RUSSELL PENN,
RALPH DWAYNE OWEN,
and LOUIS AGNES,

Plaintiffs,

v.

DAVE DUNCAN, TRONG TRAN,
MIKE STALKA, GUY HOWELL,
JORGE CASTENADA, DAVID GOODE,
and John Does,

Defendants.

Civil File No. 01-708 (MJD/ESS)

ORDER

Plaintiffs, three prisoners at the Federal Medical Center in Rochester, Minnesota, have filed a complaint alleging that Defendants have violated their rights under the federal Constitution. (Docket No. 1.) Plaintiffs did not tender the $150 filing fee with their complaint, as required by 28 U.S.C. § 1914(a). The Clerk of Court nevertheless accepted the complaint and filed it, apparently because one of the Plaintiffs, John Russell Penn, submitted an application to proceed in forma pauperis, ("IFP"). (Docket No. 5.) Thus, the matter is presently before the Court for the purpose of determining whether Plaintiffs should be allowed to proceed IFP.

The Court initially notes that leave to proceed IFP cannot presently be granted in this matter, because only one of the Plaintiffs, John Russell Penn, has actually applied for IFP status. The Court has no way of knowing whether Mr. Penn's co-Plaintiffs, Ralph Dwayne Owen and Louis Agnes, are eligible for IFP status. If either of them is able

FILED MAY 02 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

to pay the $150 filing fee for this action, then he will have to do so. If the co-Plaintiffs believe that they too should be excused from paying the filing fee, then they will have to file their own separate IFP applications.

If all of the Plaintiffs file for IFP status, then all of their applications will be subject to the requirements of the Prison Litigation Reform Act, ("PLRA"), because they all are prisoners. The PLRA provides, at 28 U.S.C. § 1915(b), that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner <u>shall be required to pay the full amount of a filing fee.</u> The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.[1]

The PLRA also specifically requires that prisoners seeking IFP status must submit not only the normal affidavit in support of their claim of indigence, (which is required of all IFP applicants pursuant to § 1915(a)(1)), but also "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Certified trust account information is required so that the Court can determine the initial partial filing fee that the prisoner will have to pay pursuant to § 1915(b)(1). In this District, prisoners can satisfy the requirement of § 1915(a)(2) by submitting the IFP application form prescribed for use in this District, provided that the "certificate" portion of

---

[1] Plaintiffs will be required to pay only a single $150 filing fee between them, (not $150 each); but they all will have to make installment fee payments, as prescribed by § 1915(b), until the full $150 is paid.

the application form is completed and signed by an appropriate prison official.

In the present case, the one Plaintiff who has filed an IFP application, John Russell Penn, has not complied with the requirements of § 1915(a)(2), because he has not provided any properly certified information regarding his prisoner trust account. Therefore, the Court is unable to determine the amount of the initial partial filing fee that Plaintiff Penn will have to pay before his claims can go forward. To correct this deficiency, Plaintiff Penn will have to submit a new IFP application on the form currently prescribed for use in this District. In addition, each of the other co-Plaintiffs in this action will also have to provide the requisite certified trust account information with his own separate IFP application. In other words, each Plaintiff's IFP application must satisfy the requirements of § 1915(a)(2), which means that the "certificate" portion of each application form must be properly completed and signed by an appropriate prison official.[2]

In addition to filing a new IFP application, each Plaintiff also must remit his own initial partial filing fee to the Clerk of Court. According to § 1915(b)(1), (quoted above), that fee will be twenty percent (20%) of the greater of (A) the average monthly deposits to Plaintiff's account; or (B) the average monthly balance in his account, during the 6-month period immediately preceding the filing of the complaint. No further action will be taken in this matter until each named Plaintiff has paid his statutorily prescribed initial partial filing fee.

Each Plaintiff will be given thirty (30) days from the date of this order to submit both (a) a new, properly completed, IFP application, and (b) the full amount of his

---

[2] The prescribed IFP form is available from the Clerk of Court upon request.

initial partial filing fee. If any Plaintiff fails to do so, it will be recommended that he be removed as a party to this lawsuit, and that his claims be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).[3]

The action will go forward with respect to the claims of each Plaintiff who submits both a proper IFP application and his initial partial filing fee within the time allowed by this order. As to those Plaintiffs, however, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether it states a claim on which relief can be granted. Only if the pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendants be served by the U.S. Marshal.[4]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within thirty (30) days after the date of this order Plaintiffs shall either (a) tender the full $150 filing fee for this action, or (b) each submit a separate, properly completed, application for leave to proceed in forma pauperis, as well as the correct

---

[3] One of the named co-Plaintiffs, Ralph Dwayne Owen, has already written a letter indicating that he would like to withdraw from this lawsuit. (Docket No. 6.) If co-Plaintiff Owen fails to submit an IFP application, (which presumably will be the case if he still wishes to discontinue his participation in this lawsuit), his request will be granted.

[4] Although the complaint in this case has not yet been thoroughly examined, a cursory inspection suggests that it may not survive the initial screening process, because it does not appear that Plaintiffs have fully exhausted all of their available administrative remedies. See 42 U.S.C. § 1997e(a). Furthermore, it appears very doubtful that the facts pleaded in the complaint, even if true, show an actionable constitutional violation. Plaintiffs should carefully consider whether they want to commit themselves to paying $150 from their apparently limited assets to pursue the claims set forth in their complaint.

amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1).

Dated: May 1, 2001

E.S. SWEARINGEN
United States Magistrate Judge