UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN RUSSELL PENN,
RALPH DWAYNE OWEN,
and LOUIS AGNES,

Plaintiffs,

v.

CONSTANCE REESE, DAVE DUNCAN,
TRONG TRAN, MIKE STALKA,
GUY HOWELL, JORGE CASTENADA,
and DAVID GOODE,

Defendants.

Civil No. 01-708 (MJD/ESS)

**REPORT AND RECOMMENDATION**

Plaintiffs, three inmates at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"), commenced this action by filing a complaint seeking relief for alleged violations of their federal constitutional rights. (Docket No. 1.) Plaintiffs did not tender the required filing fee with their complaint, but instead filed an application seeking leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, ("IFP"). (Docket No. 5.) By order dated May 1, 2001, (Docket No. 7), the Court advised Plaintiffs that they could not be granted IFP status, because only one of them, (Plaintiff John Penn), had actually completed and signed an IFP application. Plaintiffs were informed that they would not be allowed to proceed IFP, and that this action could not proceed any further, unless (a) each of them submitted a signed, and properly completed, IFP application, and (b) each of them tendered the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).

Since that prior order was entered, two of the named Plaintiffs, Ralph Dwayne Owen and Louis Agnes, have indicated that they wish to withdraw from this action. (Docket Nos.

FILED JUN 12 2001
FRAN[illegible] CLERK
JUDGM[illegible]
DEPUTY CLERK

6, 8 and 12.) The only remaining Plaintiff, John Penn, has filed a new IFP application, which shows that he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Thus, the matter is presently before the undersigned Magistrate Judge for reconsideration of Plaintiff Penn's IFP application, for initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a), and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

For the reasons discussed below, the Court finds that Plaintiffs' complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

Plaintiffs' pleading is a rambling diatribe which alleges that Defendants -- various prison officials at FMC-Rochester -- have mistreated them in various ways. It appears that Plaintiffs' grievances are based primarily on a handful of incidents involving alleged verbal abuse and harassment by some of the named Defendants.[1] It is also alleged that Defendants violated Plaintiffs' right to due process by causing them to be transferred to inferior lodgings.[2] There is also a vague allegation that one of the named Defendants,

---

[1] It should be noted that Plaintiffs' allegations of verbal abuse and harassment do not give rise to any cognizable cause of action. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (abusive language and/or verbal harassment, is not, by itself, unconstitutional, and will not support a civil rights action); Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000) (same).

[2] Plaintiffs' due process claim is not actionable because there are no facts suggesting that their transfer to new quarters constituted the type of severe and unusual hardship that could implicate a constitutionally protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (prisoners have no constitutional right to retain any particular housing status; their constitutional rights are implicated only when they are

Dave Duncan, "caused damage" to Plaintiff Penn's foot, by ordering him "to do work that would be hazardous to [his] health." (Complaint, [Docket No. 1], p. 3.) However, the complaint provides no facts about what, specifically, Duncan allegedly did.

In their present lawsuit, Plaintiffs claim that Defendants have violated their constitutional rights under the Fifth, Eighth and Fourteenth Amendments. They are seeking $15,000,000 in compensatory damages, (even though the complaint does not describe any specific injury suffered by any of the Plaintiffs), as well as $17,600,000 in punitive damages. Plaintiffs are also seeking a declaratory judgment and various forms of injunctive relief.

Before commencing this action, Plaintiff John Penn completed the first step of the administrative remedies process prescribed by the federal Bureau of Prisons, ("BOP"), by presenting his claims to the Warden at FMC-Rochester in a formal "Request For Administrative Remedy." (See Attachment to Complaint.) However, Plaintiff Penn has recently acknowledged that Plaintiffs' available administrative remedies had not been fully exhausted when this action was commenced, and, in fact, their claims for administrative relief are still pending. ("Ex Parte Addendum Re Exhaustion Of Administrative Remedies," [Docket No. 9].)

## II. DISCUSSION

Because Plaintiffs are prisoners who are seeking redress from government employees, their pleading is subject to preliminary "screening" pursuant to 28 U.S.C. §

---

forced to endure some "atypical and significant hardship... in relation to the ordinary incidents of prison life").

1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

The Court finds that the present action must be summarily dismissed pursuant to § 1915A(b)(1), because Plaintiffs' complaint fails to state a claim on which relief can be granted. Plaintiffs have failed to state an actionable claim, because they started this action without first exhausting their available administrative remedies, as required by 42 U.S.C. § 1997e(a).

Section 1997e(a), which was enacted in 1996 as part of the PLRA, provides that

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires that prisoners must exhaust all of their available administrative remedies before filing any federal court lawsuit challenging the conditions of their confinement. "Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in Federal court.'" Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998), quoting 141 Cong.Rec. H1472-06, *H1480 (daily ed.

Feb. 9, 1995).

Our Court of Appeals has identified at least four valuable objectives that are promoted by an exhaustion of administrative remedies requirement. First, it helps to ensure a more complete development of the factual record before the matter is brought into court. Second, it gives the court the benefit of whatever special knowledge and experience the administrative agency might have to offer. Third, it acknowledges the autonomy and authority of administrative agencies. Finally, to the extent that claims can be resolved at the administrative level, an exhaustion requirement promotes judicial economy. Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976). See also, McCarthy v. Madigan, 503 U.S. 140, 145 (1992). When a litigant fails to satisfy an exhaustion of administrative remedies requirement, he deprives the judicial process of these valuable benefits.

The BOP provides a comprehensive administrative remedy procedure for federal inmates with grievances relating to the conditions of their confinement. The Code of Federal Regulations, ("C.F.R."), prescribes a four-step administrative process for resolving complaints brought by federal prisoners: (1) the inmate must present his claim informally to an appropriate prison staff member; (2) if the claim is not resolved informally to the inmate's satisfaction, he must then present a formal written Request for Administrative Remedy; (3) if the prisoner is not satisfied with the warden's response to that request, he must appeal to the Regional Director; and (4) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office in order to fully exhaust his administrative remedies. 28 C.F.R. §§ 542.10-.16.

In this case, it is readily apparent that Plaintiffs have not satisfied the exhaustion requirement that Congress created by the enactment of § 1997e(a). Indeed, Plaintiff Penn's "Ex Parte Addendum Re Exhaustion Of Administrative Remedies," (Docket No. 9), clearly shows not only that Plaintiffs had failed to exhaust their administrative remedies before starting this lawsuit, but, in fact, they still have not satisfied the exhaustion requirement.

When a federal prisoner brings a civil rights action in federal court alleging that the conditions of his confinement are somehow illegal, he must affirmatively allege in his complaint that he has satisfied § 1997e(a) by exhausting the administrative remedies provided by the BOP at 28 C.F.R. §§ 542.10-.16. If his complaint fails to include factual allegations showing that the exhaustion requirement has been satisfied, then the prisoner has failed to state an actionable claim, and his complaint is subject to summary dismissal. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) ("dismissal on the pleadings is proper for failure to plead the exhaustion of all administrative remedies"). Because Plaintiffs' present complaint does not show that they had exhausted their administrative remedies before filing their lawsuit, no actionable claim for relief has been pleaded.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It will be recommended that the action be dismissed without prejudice, however, so that Plaintiffs will be able to bring

a new lawsuit – if necessary – after the exhaustion requirement has been satisfied.[3] Because Plaintiffs' complaint fails to state an actionable claim, Plaintiff Penn's application for leave to proceed IFP must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). It is further recommended that Plaintiffs' "Motion For Temporary Restraining Order and/or Injunction," (Docket No. 4), be denied, because no actionable claim has been pleaded.

Notwithstanding the dismissal of this action, Plaintiff Penn shall remain liable for the unpaid balance of the $150 filing fee.[4] He has not paid any part of the fee so far, so he still owes the full $150. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action shall count as a "strike" against Plaintiffs for purposes of 28 U.S.C. § 1915(g).

---

[3] If Plaintiffs ever do file a new lawsuit, they should make sure that their pleading includes facts showing what, specifically, each named Defendant allegedly did that gives rise to the claim(s) against such Defendant. Plaintiffs should also leave out any claims based solely on verbal abuse or harassment, or a transfer to poorer accomodations. (See footnotes 1 and 2, supra.)

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal"). Nevertheless, the Court finds that Plaintiffs Owen and Agnes should not be required to pay the filing fee because they never actually applied for IFP status. Furthermore, they promptly asked to withdraw from this action upon being advised that they would be liable for the fee if they elected to pursue it.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff Penn's request for leave to proceed in forma pauperis, (Docket Nos. 5 and 11), be **DENIED**;

2. Plaintiffs' "Motion For Temporary Restraining Order And/Or Injunction," (Docket No. 4), be **DENIED**;

3. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff John Penn be required to pay the unpaid balance of the Court filing fee, namely $150, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: ~~May~~ June 12, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.