**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JOHN RUSSELL PENN, Civil No. 01-708 (MJD/ESS)

Plaintiff,

v. **ORDER**

CONSTANCE C. REESE, DAVID DUNCAN, TRONG TRAN, MICHAEL J. STALKA, GUY HOWELL, JORGE CASTENADA, DAVID GOODE, JOHN AND JANE DOE, JOHN DOE, JOHN DOE, and JOHN DOE,

Defendants.

---

THIS MATTER comes before the Court upon the motion of the Defendants to set a date for response to the complaint [Docket No. 26]. The Defendants seek an order requiring them to answer or otherwise respond to the complaint on or before February 7, 2002. For the reasons discussed more fully below, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to Set a Date for Response to the Complaint [Docket No. 26] is **DENIED**.

Dated: Dec. 21, 2001

E. S. SWEARINGEN
United States Magistrate Judge

MEMORANDUM

The Defendants contend that as the last named defendant was served on December 7, 2001, all of the defendants have sixty days from that date in which to respond. Defendants note that pursuant to Fed. R. Civ. P. 12 the United States must respond to a complaint within sixty

FILED DEC 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

days after the United States Attorney is served with the pleading asserting the claim. Fed. R. Civ. P. 12(a)(3)(A). In addition, an officer or employee of the United States served in an individual capacity must respond within sixty days after service of the complaint upon the officer or employee or service on the United States Attorney, whichever is later. Fed. R. Civ. P. 12(a)(3)(B). Defendants contend that this an action against the United States and its employees in their individual capacities, but the United States expects to file a single response on behalf of both its employees and itself. As a consequence, they contend that the time to respond begins to run when the last Defendant is served. Def.'s Mem. in Support, Docket No. 27.

The Court does not agree with this interpretation of the rule. Fed. R. Civ. P. 12(a)(3)(B) provides, in relevant part, that "An officer or employee of the United States sued in an individual capacity ... shall serve an answer to the complaint ... within 60 days after service on the officer or employee, or service on the United States attorney, whichever is later." Thus, the rule holds that, as between "an officer or employee" and the United States Attorney, the sixty day response time begins to run on the date that the latter of the two is served. The Defendants, however, seem to interpret this rule as stating that the sixty day response time begins to run on the date of service of the complaint upon an officer or employee of the United States, the United States attorney, or any additional officers or employees, whichever is later. The plain language of the rule does not bear out this interpretation. Furthermore, the Defendants' reading of the rule could cause significant delay, and could even prevent, the beginning of the sixty day period in which to respond to the complaint if a plaintiff experiences difficulty, or is ultimately unable to, effect service of the complaint upon one of the named defendants. The Court does not believe that such a result is contemplated by the rule.

The Defendants state that they are asking for an order to set a response date "so that all

the parties and the Court avoid confusion over the time of responding to the Plaintiff's complaint." Mem. in Support at 2. To the extent this request seeks an advisory opinion from the Court concerning its interpretation of the rules governing service of the pleadings, it must be denied. See Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334 (1975) (a federal court does not have the power to render advisory opinions, but instead must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character). Defendants also state that they are not seeking an extension of time to respond. See Mem. in Support, at 2. However, to the extent their motion does seek an extension of time it is denied because they have not made a showing of cause for the Court to grant their motion. See Fed. R. Civ. P. 6(b).

E.S.S.