UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN RUSSELL PENN,

Plaintiff,

v.

CONSTANCE C. REESE, DAVID DUNCAN, TRONG TRAN, MICHAEL J. STALKA, GUY HOWELL, JORGE CASTENADA, DAVID GOODE, JOHN AND JANE DOE, JOHN DOE, JOHN DOE, AND JOHN DOE,

Defendants.

Civil No. 01-708 (MJD/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff John Russell Penn's motion for temporary restraining order and/or injunction [Docket No. 4].

This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and these proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, the Court recommends that Plaintiff's motion for a temporary restraining order be determined to be moot.

## I. BACKGROUND

On April 25, 2000, the Plaintiff, John Russell Penn ("Penn"), sustained an injury to his heel while residing at a correctional facility in Tulsa, Oklahoma. [Docket No. 2]. On November 17th, 2000, he arrived at the Federal Medical Center in Rochester, Minnesota, where he was to be treated for his injury. [Docket No. 15]. Shortly after he arrived, he alleges that the Defendant, David Duncan ("Duncan"), a Unit Manager at the facility, complained that the floor of Penn's cell was scratched. [Docket No. 2]. Penn was told to strip and wax the floor. [Docket No. 16]. Penn attempted to comply with Duncan's orders; in the process, Penn alleges that he exacerbated the

FILED JAN 30 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

injury to his heel, leading to an infection and additional surgery. [Docket Nos. 4 and 15]. Penn further alleges that Duncan moved him to different living quarters in retaliation for his failure to strip and wax the floor properly. [Docket No. 2]. Penn maintains that Duncan and the other Defendants continued to harass him and retaliated against him for attempting to seek administrative remedies.

On April 24, 2001, along with his initial Complaint, Penn filed a motion for a temporary restraining order. [Docket No. 4]. He asks the Court to "appoint someone from the medical field to handle administrative decisions" that could adversely affect his health. Id. Apart from injunctive relief, Penn also seeks damages for the violation of his Eighth Amendment rights. [Docket No. 1].

On August 17, 2001, Penn filed a notice, informing the Court that he now resides in Tulsa, Oklahoma. [Docket No. 19].

**II. DISCUSSION**

Penn no longer resides at the Federal Medical Center in Rochester; he has returned to Oklahoma. As a result, his motion for injunctive relief against the Defendants is moot. See Vosburg v. Solem, 845 F.2d 763, 770 (8th Cir. 1988)(prisoner's appeal of a denial of injunctive relief becomes moot upon the prisoner's release); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996) (prisoner's request for injunctive relief from prison officials at a specific prison is moot once the prisoner no longer resides at that prison); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)(prisoner's request for injunctive relief become moot upon a transfer to a different correctional facility, unless the prisoner demonstrates a reasonable expectation of returning there); Prins v. Coughlin, 76 F.3d 504, 506 (2nd Cir. 1996)(a transfer from a prison facility moots an action for injunctive relief against the transferring facility); Purvis v. Ponte, 929 F.2d 822, 825 (1st Cir. 1991)(prisoner's complaint is moot insofar as it seeks injunctive relief because he no longer resides at the correctional facility); Cf. Pool v. Mo. Dept. of Corr. And Human Resources,

883 F.2d 640, 644 (8th Cir. 1989)(prisoner's actions for damages not mooted by a transfer to another facility, but one for injunctive relief would be). While Penn's claim for damages is still viable, his claim for injunctive relief has been rendered moot by his transfer to Oklahoma.

However, the Supreme Court has recognized an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review. See Murphy v. Hunt, 455 U.S. 478, 482, 102 S.Ct. 1181, 1183 (1982). For this exception to apply, a party must demonstrate: 1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and 2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. Id.

The Court concludes that this exception does not apply to the instant case. With regard to the first element, the challenged action was not too short in duration to be fully litigated. Penn resided at the Federal Medical Center in Rochester for close to nine months. He filed the motion for a temporary restraining order in April 2001; he returned to Oklahoma in August 2001. Thus, there was a four-month span of time during which his motion was pending and he resided in Rochester. During that time, on June 12, 2001, the Court recommended that this matter be dismissed. [Docket No. 14]. But for some deficiencies in Penn's initial Complaint, this motion could have been litigated fully. With regard to the second element, there is no evidence that Penn has a reasonable expectation of returning to the Federal Medical Center in Rochester.

For these reasons, the Court recommends a conclusion that Penn's motion for injunctive relief is moot.

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED**:

1. That the Court conclude that Plaintiff's Motion for Temporary Restraining Order

and/or Injunction is MOOT [Docket No. 4].

Dated: January 30, 2002

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.